SOUTHWICK, P.J.,
concurring:
¶ 16. With respect for both the majority and the dissent, I find myself pursuing a third path to a conclusion in this case.
¶ 17. The default judgment entered against Mrs. Caldwell was on a motion filed in the pending divorce proceedings. Mr. Caldwell sought a determination that his then-wife was committing waste at their former marital home. That judgment was reconsidered twice by the chancellor on motion of Mrs. Caldwell and allowed to stand. Later, however, the chancellor in the decree of divorce placed the parties on notice that he might reconsider the default when the determination on a final property division was made.
¶ 18. I do not find that Civil Rule 60 is implicated here. That rule applies to reconsideration of final judgments. Here, the trial judge was exercising his authority under Rule 54 to revise “at any time before the entry of judgment” an “order or other form of decision, however designated which adjudicates fewer than all the claims” of the parties. M.R.C.P. 54(b); Mauck v. Columbus Hotel Co., 741 So.2d 259, 268-69 (Miss.1999) (later reconsideration of denial of partial summary judgment is within trial judge’s authority under Rule 54).
¶ 19. In my view, Rule 54 is blanket authority for a trial judge to return to issues resolved in preliminary rulings in a case. I do not find that the parties control whether the trial judge exercises this authority. Therefore, whether they presented the issue to him as part of the still-disputed matters in the irreconcilable differences divorce is irrelevant. If upon further reflection the court determines that a different order is appropriate, it can be entered. That is what occurred here, and I find no error. I therefore agree with the majority’s affirmance.
MCMILLIN, C.J., THOMAS AND MYERS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.